PROB 12C
(6/16)

Report Date: November 25, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2019

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Fikadu A. Alamine                     Case Number: 0980 2:18CR00227-TOR-1

Address of Offender:                                    Spokane, Washington 99202

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: July 16, 2019

Original Offense:        Manufacture of Marijuana (Hashish Oil), 21 U.S.C. § 841(a)(1), (b)(1)(D)

Original Sentence:       Prison - 6 months              Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Caitlin A. Baunsgard           Date Supervision Commenced: September 12, 2019

Defense Attorney:        Federal Defender's Office      Date Supervision Expires: September 11, 2022

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Alamine is alleged to have violated his conditions of supervised release by failing to attend drug and alcohol treatment at Pioneer Human Services (PHS) on the following dates; October 17, 21, 24, 29, 31, and November 5, 12, 18, and 19, 2019.

Mr. Alamine attended his drug and alcohol assessment at PHS on October 8, 2019, and he was required to participate in intensive outpatient treatment three times per week. He began treatment on October 15, 2019.

On September 13, 2019, the undersigned officer reviewed the conditions of supervision with Mr. Alamine relative to case number 2:18CR00227-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision.

2     **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Alamine is alleged to have violated his conditions of supervision by failing to appear for random urinalysis testing on September 16 and 25, 2019. In addition, Mr. Alamine stalled on a random urinalysis test on October 2, 2019.

On September 16 and 25, 2019, the color of the day for random urinalysis testing at PHS was brown 1, Mr. Alamine's assigned color for urinalysis testing. The roster received from PHS has Mr. Alamine documented as a "no show." Mr. Alamine provided a negative urine sample the following day after both misses.

In addition, the color of the day for random urinalysis testing on October 2, 2019, was brown 1, Mr. Alamine's assigned color for urinalysis testing at PHS. The roster received from PHS documented Mr. Alamine as a "stall." Mr. Alamine provided a negative urine sample the following day.

On September 13, 2019, the undersigned officer reviewed the conditions of supervision with Mr. Alamine relative to case number 2:18CR00227-TOR-1. He signed his judgement acknowledging an understanding of his conditions of supervision

3     **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Alamine is alleged to have violated his conditions of supervision by using morphine and cocaine on or about November 15, 2019.

On November 15, 2019, Mr. Alamine submitted to a random urinalysis test at PHS. The urine sample was presumptive positive for morphine and cocaine. The undersigned officer questioned the positive results with Mr. Alamine, which he strongly denied. On November 25, 2019, the lab results were received from Alere Toxicology confirming a positive result for morphine and cocaine.

On September 13, 2019, the undersigned officer reviewed the conditions of supervision with Mr. Alamine relative to case number 2:18CR00227-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision

4     **Special Condition #2:** You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence:** Mr. Alamine is alleged to have violated his conditions of supervised release by failing to attend mental health counseling at Frontier Behavioral Health on

October 9 and 15, and November 11, 2019. In addition, he was not present for two medication appointments on October 24 and November 21, 2019.

On October 8, 2019, the undersigned officer confirmed with Frontier Behavior Health that Mr. Alamine was enrolled in mental health services with their agency.

On November 25, 2019, the undersigned officer contacted Frontier Behavioral Health and spoke with Mr. Alamine's counselor. She informed the undersigned officer that Mr. Alamine has a tendency to "no show" for his counseling sessions. She advised the undersigned that he has "no showed" for his counseling appointments multiple times, to include failing to attend his two medication appointments mentioned above. The counselor also stated Mr. Alamine has not been in contact with their agency to schedule his next appointment.

On September 13, 2019, the undersigned officer reviewed the conditions of supervision with Mr. Alamine relative to case number 2:18CR00227-TOR-1. He signed his judgment acknowledging an understanding of his conditions of supervision

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 11/25/2019

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Thomas O. Rice
Chief U.S. District Judge

Signature of Judicial Officer

November 25, 2019

Date